T.C. Memo. 1998-189

UNITED STATES TAX COURT

MUNG THI HUYNH, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2613-97.                    Filed May 26, 1998.

Mung Thi Huynh, pro se.

Jack H. Klinghoffer, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined a $147,920 deficiency in petitioner's 1992 Federal income tax and an addition to tax under section 6651(a)(1)[1] and  a penalty under section 6662(a) in the amounts of $37,004 and $29,584, respectively.  The issues for

---

[1]  Section references are to a Internal Revenue Code in effect for the period under consideration.  Rule references are to this Court's Rules of Practice and Procedure.

our consideration are: (1) Whether petitioner has shown that she is entitled to deduct any part of the $459,650 that she claimed as commissions and fees, and (2) whether petitioner is liable for the penalty and addition to tax determined by respondent.

FINDINGS OF FACT

Petitioner resided in Pomona, California, at the time her petition was filed in this case. Her 1992 Federal income tax return was filed on April 18, 1994. On Schedule C, petitioner reported gross receipts of $1,014,498.29 from her business as a "Dress Maker" operating under the name "California Fashion". After accounting for returns and allowances and cost of goods sold, a gross income of $534,009.26 was reported. Among other expenses, petitioner claimed commissions and fees in the amount of $459,650. The sole adjustment by respondent to petitioner's Schedule C reporting was the disallowance of the entire amount claimed for commissions and fees.

Petitioner's business involved the manufacture of dresses on a piecework basis. Jose Antonio Garcia Juarez[2] was employed by petitioner during 1992. He was paid approximately $200 to $220 per week, he worked long hours, and he knew how to perform all tasks involved in the operation of the business. Mr. Juarez did not share in petitioner's business profits for 1992. At some

_____

[2] Mr. Juarez has also been known as Mr. Garcia in portions of the record.

time late in 1992 or early in 1993, Mr. Juarez left petitioner's employ, and he became associated with her again in approximately March 1993.

When Mr. Juarez became reassociated with petitioner, they entered into an arrangement under which Mr. Juarez would act as some form of intermediary between petitioner and the customer or consumer of the manufactured piecework. Mr. Juarez operated under this arrangement beginning around March 22, 1993, using the name "Lemarant Fashion's". The documents offered by petitioner in an attempt to show that this type of arrangement existed in 1992, had been falsified by changing the year from 1993 to 1992.

## ULTIMATE FINDING OF FACT

Petitioner failed to show that she is entitled to deduct any part of the $459,650 that she claimed as commissions and fees, which were disallowed by respondent.

## OPINION

This case presents a clearly defined factual question. Respondent disallowed $459,650 that petitioner had claimed as commissions and fees on her 1992 Schedule C. Petitioner, in support of her position that she is entitled to deduct the questioned amount, testified that Mr. Juarez was paid the amount as an intermediary between herself and the customer. Petitioner also offered a purchase order book reflecting 1992 transactions with Mr. Juarez.

Mr. Juarez testified that he had signed the purchase orders that were offered into evidence by petitioner during 1993. Further, he testified that the purchase order forms were blank when he had signed them. Petitioner admitted that the forms were signed by Mr. Juarez during 1993. In addition, respondent produced evidence supporting Mr. Juarez' testimony that his business activity with petitioner (other than in the relationship of employer-employee) began during 1993.

Petitioner also produced a Form 1099-MISC in Mr. Juarez' name reflecting nonemployee compensation for 1992. Respondent, to counter petitioner's production of this evidence, provided credible evidence that no such Form 1099-MISC was received by the Internal Revenue Service for the 1992 tax year. It also appears that the last two digits had been altered from some other year to 1992 on the Form 1099-MISC that was offered by petitioner.

We hold that petitioner's position is without merit and that her evidence and testimony are not believable.

Respondent determined an accuracy-related penalty due to negligence under section 6662(a) for petitioner's 1992 taxable year. The accuracy-related penalty is equal to 20 percent of any portion of an underpayment attributable to a taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). The term "negligence" includes any failure to do what a reasonable and ordinarily prudent person would do under

the same circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). The penalty does not apply to any portion of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith. Sec. 6664(c)(1).

Petitioner has failed to show reasonable cause and/or that she acted in good faith. Under the circumstances of this case, respondent's determination of a penalty pursuant to section 6662(a) is sustained with respect to the entire underpayment.

Respondent also determined that petitioner's 1992 income tax return was not timely filed within the meaning of section 6651(a)(1). That section provides for a 5-percent per month (up to a 25-percent maximum) addition to tax with respect to a late-filed return, unless it is shown that the late filing was due to reasonable cause and not to willful neglect. Petitioner's 1992 Federal income tax return was due April 15, 1993. The return was not signed until April 13, 1994, or filed until April 18, 1994. Petitioner stated that she filed late because she did not have the funds with which to pay the tax. In that regard, petitioner's 1992 return reflected no estimated payments and a balance due of $880.52. This is in contrast to $1,014,498.29 reported as gross receipts on the Schedule C of the same return.

Under these circumstances, we hold that petitioner is liable for this addition to tax, as determined by respondent.

To reflect the foregoing,

<u>Decision will be entered for respondent.</u>